Good morning. Welcome to the 11th Circuit. We are happy to have you here with us today. We're just going to go quickly through a reminder on how our lighting system works. When the yellow light is on, you have two minutes left. When the red light comes on, your time is up. We ask that you please respect the lighting system and stop when the red light comes on. The only exception to this would be if we've asked you a question. We do want to hear the answer to your question, so please continue and answer the question for us so that we can get what we need from you. All right. Our first case today is Nock v. Secretary of the Florida Department of Corrections. We'll hear first from Attorney Wright. Thank you, Your Honors, and may it please the Court. My name is Tinsley Wright, and I was appointed to represent the appellant, Gabriel Nock. Due process requires district courts to provide fair notice and a meaningful opportunity to respond before considering the timeliness of a habeas petition. This requirement was particularly important here where Mr. Nock was pro se and was pursuing his last chance to challenge his convictions. Despite this, the district court dismissed his petition as untimely only four days after it was docketed without providing any notice or opportunity to respond. This violated Mr. Nock's due process rights, and this Court should vacate this order for two reasons. First, the petition failed to provide fair notice and a meaningful opportunity to respond. And second, Mr. Nock's Rule 59e motion failed to provide a meaningful opportunity to respond. Looking first at the petition, it failed to provide fair notice because neither this Court's legal framework nor the petition itself provided notice of either the district court's grounds for dismissal or that the district court even could dismiss based solely on the allegations in the petition. Indeed, this Court's precedent does not require a petitioner to address timeliness in the petition. Rule 2 of the Rules Governing Habeas Proceedings addresses what must be included in the petition, yet it never mentions timeliness. Why doesn't Paias demand a different holding? Because at the end of Paias it says, here Mr. Paias was provided ample notice and opportunity to explain why his petition was timely in his form petition, and again when he was given the opportunity to respond to the R&R. Why doesn't Paias establish that the form petition, for better or for worse, is notice? Paias was in an entirely different circumstance because Paias did receive notice and an opportunity to respond in the magistrate's R&R. Right, but what I'm saying is that Paias says that he received notice again in the R&R. It specifically states that he was provided ample notice and opportunity in his form petition. So why doesn't that control here? That language doesn't control for two reasons. The first one being that the petition wasn't necessary for the court's decision because it focused entirely on the magistrate's R&R. And the decision should be limited to the circumstances in that case where the petitioner did receive fair notice and a meaningful opportunity to respond by the magistrate's R&R providing what the grounds for dismissal was and then giving him an opportunity to object, which he did. That is a very different circumstance than what Mr. Nock had where he received no notice of the district court's grounds for dismissal or that it was even going to do such a review. And when you look to the petition itself, it also fails to provide fair notice. When you consider that this court's precedent refers to timeliness as a waivable affirmative defense that doesn't have to be included in the petition and that's the government's burden to raise, and then you look to the petition, it doesn't provide any notice that that was his and could be his last opportunity to address timeliness. At best, it cites to the statute of limitations, but all that notified Mr. Nock of was that his petition ultimately needed to be timely. And he's already presumed to know about the statute of limitations, so if that was all that was needed for notice and opportunity to respond, the requirement would become essentially meaningless because a petitioner would already be presumed to know that fact and that that would be enough in his petition. Did the form here say that the petitioner, quote, will be asked to submit additional or correct information, unquote, if there are any deficiencies? The overall instructions on the first page of the form petition that was used do say that he would be asked to provide additional information if the form was not filled out properly. It also informed him that he did not need to cite to law, and it included cautionary instructions for other topics, such as unenumerated errors, and warned him that he may be barred from raising claims if he fails to raise those, yet it didn't include a cautionary instruction for timeliness. When you take that into context, that tells you that the form petition failed to provide fair notice. On that front, though, raising a claim or not is something that the petitioner has direct control over, but whether the petition is timely or not is just a fact of the world, right? I mean, the court may need to make decisions about that, but it's either timely or it's not, whereas a petitioner can choose to raise certain claims and may need to be notified that they need to go ahead and raise those claims. Why doesn't that show that those two things are pretty different? While they are different, what's important is that he should have had notice of at least the fact that the petition could be his last chance to defend the timeliness of his petition, and he simply didn't have that here. In order for him to have fair notice and a meaningful opportunity to respond, he should know that that is his opportunity to respond in the first place and that it might be his last chance, and he didn't have that here. Even if notice was sufficient, it wasn't a meaningful opportunity to respond under the specific circumstances here where the timeliness issue hinged on a legal question. Because the instructions told him that he did not need to cite to law and repeatedly instructed him throughout the petition that he should not cite to law, it's reasonable to assume that he did not think he had that opportunity, and he can't meaningfully respond to a legal question when he's not allowed to make a legal argument. What about the Rule 59e petition? Why isn't that offering him sufficient notice? While the order itself did provide notice of the deficiencies, the notice itself was after the fact, and the option that he was left with with the Rule 59e motion is an incredibly limited standard, and that's why it didn't provide a meaningful opportunity to respond. As the district court recognized at the beginning of its order, it doesn't allow the district court to relitigate matters that it could have considered beforehand, and it left Mr. Nock with, at best, arguing clear error and manifest injustice. But if the petition really was timely, wouldn't that qualify under probably either of those  The district court should have considered it, and yes, if it was timely, then he may be able to meet that, but the question is more whether or not he had a meaningful opportunity to respond, and in this case, he simply didn't because the thumb was already on the scale by the time he was able to make this argument, and it doesn't appear that the district court actually did do a full de novo analysis because it simply deferred to the state court's decision in a footnote and didn't fully address whether or not the second post-conviction motion was, in fact, timely. Well, so the rule in terms of notice and meaningful opportunity, as you've articulated, is grounded in our law, of course, but there are also exceptions, especially if it's clear from the face of the petition that it's untimely, and this is not a situation where the district court issued a one paragraph or even one sentence summary dismissal. It does seem like a detailed exploration in terms of what the petition provided, what the state court record showed, and there was analysis regarding the allegation of newly discovered evidence. So why isn't the district court's order, assuming it's thorough enough, sufficient to satisfy or to maybe obviate the need for the notice and an opportunity to respond? The district court's order, while it does provide more than a paragraph of analysis, it didn't fully consider whether or not the state court's decision was rebutted and whether that was correct, and in this case, Mr. Knox should have had an opportunity to fully address the district court's concerns before it did that analysis. This isn't the case, like in Turner, where it wasn't necessary to have an opportunity to respond in the same way because Turner had already conceded that his petition was untimely. Mr. Knox did not concede untimeliness. In fact, he very clearly alleged that it was timely and that it was timely because his second post-conviction motion did, in fact, hold the statute of limitations. But the district court in Turner specifically gave him an opportunity to reopen his case if he could show that the court's determination of untimeliness was incorrect. So I don't think that Turner's holding is limited to if the petitioner admits that the petition is untimely, the court can agree. I think Turner definitely has language about the fact that the petitioner had a chance to even change his mind, right? And don't you think that, or do you think that there's anything relevant about our review of a Rule 59e petition kind of merging into the original decision, right? I think that procedurally makes it maybe a little bit different than another kind of post-decision inquiry. Do you have a view on that? Well, the one thing I will say, the language in Turner regarding opportunity to respond is dicta because this court noted very clearly at the end of the opinion that it was not necessary because he had conceded timeliness. But even if it is considered, you have to look at it in the context of that case. Mr. Turner not only had the opportunity to address, to include in the petition that he conceded timeliness, but he actually had a warning before he filed his amended petition that the district court was going to do its, that it was going to do an initial timeliness review because the original petition was rejected and in the order it explained that it needed the timeline before the state court to make its decision for timeliness and explained that it could sui sponte at that time. I don't believe that the motion to reopen here did provide a fair opportunity because even though the district court could reconsider its decision, we have to take the district court at its word that it did do such a limited standard of review here, which is what it noted in its order. But again, even under a limited standard of review, maybe the question would be different for some other potential error. But if the petition was timely, then it will qualify under 1590, right? So I don't see why the limited standard of review makes a difference where functionally it has no impact at all. I think it has some impact in a couple of different ways. The first one being that the district court didn't fully consider the fact that his second post-conviction motion was alleged to be timely and consider whether or not it was in fact timely beyond simply deferring in a footnote. The other thing that would be relevant would, under a clear error analysis, equitable tolling might have a different analysis as far as whether or not it's clear error or not. And Mr. Knox should have an opportunity to address his arguments before the district court is limited to such limited standards. So are you allowed to present evidence that existed before the court entered its order, but that wasn't presented before the court entered its order in a motion for reconsideration? I don't believe you're really supposed to because it's supposed to be limited to matters that aren't, that couldn't have been considered before the decision. So the court wouldn't have been able to consider any evidence that might have supported the Brady claim here, right? I don't believe so. Not under the standard that the district court itself laid out in the beginning. And so it would have, there would have been no reason to provide any such evidence, isn't that right? Yes, exactly. And that's why he should know that he should, when he has this opportunity to respond, it should be meaningful when he's responding. He should know that the district court is going to do a meaningful opportunity, or is going to meaningfully review his response. My last question is, your brief tends to rely heavily on Mr. Knox' pro se status. And as you know, with generally with pleadings, we do liberally construe pro se pleadings. Are you suggesting that there should be some rule that applies specifically or more liberally to pro se litigants as opposed to those who are counseled? Not necessarily. I think the notice and opportunity to respond requirement replies regardless of whether or not a petitioner is pro se. But it is worth considering here whether, when you're thinking of whether or not it's fair notice and a meaningful opportunity to respond, that he was pro se when reviewing the petition itself. But I believe that even if there was counsel, there should have been more notice and opportunity to respond requirement. Thank you. All right. Thank you, counsel. You've reserved three minutes for rebuttal. We'll hear next from Ms. Kamen. Good morning, and may it please the Court, Rachel Kamen on behalf of the Secretary of the Florida Department of Corrections. Under the circumstances of this case, Mr. Knox' due process rights were satisfied, and therefore the district court did not abuse its discretion by sua sponte dismissing it as untimely. I would first like to address one of the main issues that Mr. Knox has raised on the appeal, which was that the district court didn't fully consider his claim that the second post-conviction motion was timely filed. This court in Sweet v. Secretary of the Department of Corrections, which was cited in the district court's order and Mr. Knox' initial brief, recognized based on Supreme Court precedent that when a state court determines that a post-conviction motion is untimely, that is quote-unquote the end of the matter, and that it compels the federal court to conclude that the state motion was not properly filed. So with respect to that particular issue, that was not something that the district court could go behind the state court finding. And moreover, in the Rule 59e motion, Mr. Knox did call to attention the alleged error that the district court did not consider that Claim 5 relied on newly discovered evidence. When the district court reviewed, fully reviewed and fully entertained all the arguments raised in that Rule 59e motion, the district court looked under 2244d1d, which is the statute of limitations based on newly discovered evidence, and explained that even under that alternative section, Mr. Knox' petition was not timely filed. So therefore, it did consider fully the two arguments raised in his Rule 59e motion. And for that reason, the Secretary submits that this motion, this Rule 59e motion was sufficient to satisfy his due process rights when it allowed him to dispute the district court's determination that the petition was untimely. Now going back, the petition itself also gave him notice of the statute of limitations issue and that he needed to explain how his petition could be addressed by the court if his judgment of conviction became final over one year ago. Mr. Knox here fully addressed the timeliness issue. This wasn't a case where he left it blank. He addressed the timeliness issue and he also attached relevant documents to support his claim that the limitations period was told based on his post-conviction motions. Mr. Knox, unfortunately, was incorrect and therefore the district court, pursuant to Rule 4 governing 2254 petitions, my apologies, proceeding under Rule 4, the district court is required to screen petitions and when it appears from the face of the petition and any attached documents that the petitioner is not entitled to relief, the district court quote, must dismiss the petition and notify the petitioner. That's exactly what the district court did here. Again, this was a thorough review of Mr. Knox' explanation as to why it was timely filed, a review of his attachments. That process you just described, is that what PIAS stands for? Again, in PIAS you had a magistrate judge, cases where you have an order to show cause. I mean, they're intervening orders which allow for the petitioner to express opposition. Rule 59 is the end of the stage, whereas, again, if notice is provided, there's opportunity in between. Well, I understand. The petition itself, though, does provide notice along with the rules governing 2254 petitions, does provide fair notice and an opportunity to present the petitioner's position untimely. I might agree with you, except for the fact that the petition itself says that the petitioner quote, will be asked to submit additional or correct information, unquote, if there are any deficiencies, which to me, tends to say the opposite of you're not going to have another chance, right? I mean, it's basically telling the petitioner, like, do the best you can, but don't make yourself crazy because if you miss something, we're going to give you a chance to explain what you missed. That's what it seems to be saying. Right, but yes, that's correct, but under the circumstances of this case, there actually was not a need for additional documentation, and that's why, in fact, this case falls under the narrow constraints of Rule 4, which allows the district court to make that summary dismissal. Mr. Knox set forth all the relevant dates that established when his petition became final for purposes of federal habeas review, and Mr. Knox also attached the state court documents that supported his claim that the statute of limitations was still told, or sorry, was told, and that it was still timely. So in this case, actually, there was not a need for additional documentation, and the district court reviewed what he provided, and it's up to the district court to decide  But we don't know that, right? I mean, you might be right. That might be the situation, but we don't know for certain that there isn't additional evidence that could have been presented. Well, the district court also consulted and confirmed through the state court records, which it is entitled to take judicial notice of under Paez. It confirmed the dates that he provided to verify that it was untimely under 2244 D1A. And again, Rule 4 governing 2254 petitions is designed to increase efficiency and streamline the process of screening these petitions. But what do you think this means? The petitioner will be asked to submit additional or correct information if there are any deficiencies. What does that mean? Well, I think that it gives the district court the opportunity, when it feels it's necessary, to ask for that additional documentation. And again, I would submit that under the circumstances of this case, it wasn't necessary because of what he did provide. And even— That's another question. Even here, having had full review at, you know, briefing at this court, is there, were there any more documents that he could have presented that would have changed the answer here? Our position is no for the reason that I described at the beginning of my argument, that Mr. Knox's main complaint has to do with the state's court's determination that his allegation, his claim of newly discovered evidence wasn't newly discovered evidence. But that all ties into the underlying state court decision that that second motion for post-conviction relief was untimely. And again, going back to suite versus state, the district court has to accept, must accept, that state court finding of untimeliness for purposes of federal habeas corpus statute of limitations determination. Again, it's the end of the matter, and it, standing alone, compels the federal court to conclude that the state motion was not properly filed. So, our position is that no, there wasn't anything more documents that he could have asked the court to consider. And secondly, again, I would reiterate that Mr. Knox raised two, two detailed alleged mistakes in, that the district court made in the Rule 59e motion. The district court here was thorough. It did not refu, even though it cited case law that Rule 59e does have a limited review, it actually did not conduct any limited review here. It didn't refuse to consider either one of his arguments on the basis that it was outside the scope of Rule 59e. To the contrary, it thoroughly addressed each of his claims, and it went further and even said construing one of your arguments as an equitable totaling argument, this still fails. So, even assuming that this court were to think that either a Rule 59e motion or a 60b motion, which any petitioner has available, even if this court were to find that not in all cases does it satisfy due process, it did here. The Rule 59e motion was actually the functional equivalent of objections to a magistrate's report, had one been submitted, because we've. If we find for the petitioner here, and I'll ask your friend on the other side as well, would the proceeding look any different below than the Rule 59e proceeding did, or would we just be giving license for him to raise the same claims and the district court to reject them for the same reasons? I'm sorry, can you repeat the beginning part of this? If we were to find for the petitioner here and say he did not receive notice and an opportunity to respond, so please redo this below, would the proceeding that happened next look any different than the Rule 59e proceeding that already happened? Our position is no, that it would not. Again, we don't really know that, do we? We have no way of knowing that there would be no additional evidence that would be presented because the standard on a Rule 59 motion prohibits you from raising evidence that wasn't raised before the order that you're challenging came out. And all of the evidence in this case that he's claiming supports his tolling would have occurred before the order came out. So how can we say with any kind of certainty that we know that it would be exactly the  Well, again, the timeliest determination is objective and based on the face of the lower court record. So everything that the district court used to make that timeliness determination, again, has already been presented. And Mr. Inox Under Section A, not under Section D. Well, but again, the problem with Mr. Inox's argument is that he essentially wants the district court to review the state court's determination that it was untimely filed there because he claims that he submitted his claim was a legitimate claim of newly discovered evidence. But again, the district court has to accept that determination. There's no way for it. That's the precedent that it must. That is the end of the matter when the state court determines that is untimely. The district court already considered his newly discovered evidence claim under the federal statute of limitations based on newly discovered evidence. And it was too late. But the district court can't go behind that state court determination that it was untimely. And the other thing I would add is that Mr. Inox provided very detailed objections and analysis in his Rule 59e motion. He didn't ask to submit further evidence. And the district court, again, went through each of his arguments in detail. So this wasn't, again, a situation where he was prevented from raising any arguments. He put forth all of his arguments that he had in both the petition and the Rule 59e motion. And that is what due process requires. It is flexible, and it depends on the circumstances. And to give him another opportunity is not required here when the combination of the petition and the Rule 59e motion gave him a meaningful opportunity to address this issue and dispute the district court's finding. So just to be clear, what happens if he decided not to file the Rule 59, then he's just completely out of luck under your interpretation? Well, under this Court's precedent, which started in Turner and then reaffirmed in Thomas and then explicitly adopted in Regisme, this Court has held that post-conviction motions can be a meaningful opportunity to be heard on a district court's dismissal for untimeliness. And so under the circumstances here, that's what happened. And this Court said in Turner and Thomas that just because a petitioner chooses not to take advantage of either a 59e or a 60b motion, that doesn't mean he or she didn't have the opportunity to be heard. So we do expect pro se petitioners to... Well, no, again, and maybe we're being too loose with the language in terms of opportunity to be heard, is after you have noticed that there's something deficient with your allegation. So that's what it sounds like Rule 59 is supposed to clean up that failure to provide notice in advance. But again, when Rule 59 is not even in play, then it seems like the damage is even more significant. Again, I would just reiterate this Court's holdings that just because they don't take advantage of an opportunity doesn't mean they don't have a meaningful opportunity. And again, considering the specific circumstances of this case, Mr. Knott provided a thorough explanation of the timeliness in the initial petition. The district court disagreed with it, explained why, and then he was able to present all of its arguments. So again, allowing for the abuse of discretion standard, which is how this Court must review this case, and acknowledging, as I said before, that maybe a Rule 59E or 60B might not be sufficient in every case and under the circumstances there. It was for Mr. Knott. And in Paez, he had the opportunity to object to the R&R and chose not to, and this Court held that although he had chosen not to use that opportunity, it was because it was still there. In that case, notice and opportunity to respond was satisfied, right? Correct. So, can you just, if you have it with you, can you give me the citation for the suite case, please? Of course. That is 467F3, 1311. Thank you very much. And you had mentioned two cases that followed Turner as well. Can you give me those case names? Sure. That's Thomas v. Florida Department of Corrections, 2023, Westlaw 4488294. And then Regisme v. Secretary Florida Department of Corrections, that was issued in January of this year, and that is 2025, Westlaw 350316. So both unpublished then? Correct. And that's another thing that I would emphasize, too. A lot of the opinions from both this Court and courts around the nation dealing with dismissals for untimeliness under, when it falls under the narrow constraints of Rule 4, that it plainly appears from the face of the petition and any attached documents that the petitioner is not entitled to relief, a lot of these opinions are unpublished and show conflict with respect to what is required. So if anything, under the circumstance, again, where there's some conflict, and the District Court considered every argument Mr. Nock raised, his due process rights were satisfied, and therefore, the Secretary would request that you affirm. All right. Thank you very much, Ms. Kiman. Thank you. And Ms. Wright, you have three minutes reserved. Thank you, Your Honors, and may it please the Court. I would first like to address Apley's contention that the Rule 59 order was sufficient, and then I would like to discuss why the petition itself did not provide a meaningful opportunity to respond, regardless of what notice Mr. Nock received. And I just ask, perhaps, for Judge Rosenbaum's indulgence, given your timing. Can you address what I understood as the other side's argument, that the District Court, in terms of the newly discovered evidence, was limited to just reviewing the timeliness established without any dispute, that it was untimely under the State Court order, and therefore, that analysis was sufficient? Yes. My understanding is that the District Court could still review the State Court's decision, because the State Court's decision is a rebuttable presumption in favor. There's the statute that's 28 U.S.C. 2254 E.1, which addresses that State's decision on applying facts is rebuttable. The Sweet case is mainly focused on whether or not it matters if it's a procedural decision or a merits-based question. I don't believe that it precludes the District Court from doing such an analysis. Even if it did, though, when you think into the context of what was at issue, the fact that the prosecution did withhold evidence until Mr. Nock was able to receive it years later, and actually, outside of the petition in his motion reopen and post filings, he has acknowledged that his counsel actually requested whether or not there was the police report and was told it didn't exist, and it was actually only his third public records request where he received it. There is a question of whether or not the District Court's equitable tolling analysis might have been different, or his arguments may have been different, as Judge Rosenbaum acknowledged. Mr. Nock is presumed to know the limited standard of a Rule 59e motion, and we don't know exactly what he would have raised, what evidence he would have provided. Doesn't Sweet only deal with a State court's finding of whether something was properly filed under State law, as opposed to whether something was timely in general? I believe so, yes. Another thing to keep in mind is that— Though it's not really relevant here, right? I don't believe so. And at the end of the day, the Certificate of Appealability is limited to whether the District Court abused its discretion on not providing a fair notice and a meaningful opportunity to respond. The underlying merits are outside of the Certificate of Appealability, but even if they are considered, Mr. Nock had arguments he could have made before the District Court, but was not able to have them meaningfully considered here. I see that I'm out of time, unless this Court has any other questions. All right. Thank you, Counsel. And we want to thank Ms. Wright and her colleagues for accepting the appointment and doing an excellent job. We really appreciate it. Thank you.